UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| NEWBORN AUDIOLOGY SCREENINGS, P.C. | : | Case No. 3:19-cv-00100-TMR |
| | : | |
| | : | Judge Thomas M. Rose |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | **STIPULATED CONFIDENTIALITY** |
| KETTERING ADVENTIST HEALTHCARE | : | **AND PROTECTIVE ORDER** |
| d/b/a Kettering Health Network | : | |
| | : | |
| Defendant. | : | |

_____

WHEREAS, the Court recognizes the legitimate interests of the parties in the above-captioned action in the confidentiality and security of business, personnel, and proprietary documents and information, and pursuant to the parties' stipulation to the same:

IT IS HEREBY ORDERED as follows:

1.      This Confidentiality and Protective Order ("Order") governs all documents and information produced in this action by Plaintiff, Newborn Audiology Screenings, P.C. ("Plaintiff"), and Defendant, Kettering Adventist Healthcare ("Defendant"); all copies of or information contained in any such documents; and all other information provided by Plaintiff and Defendant, including but not limited to deposition, hearing, and trial testimony ("Litigation Material").

2.      Litigation Material shall be used solely for the purpose of preparing for or conducting the trial of this action (including appeals or retrials), or settling this action, and shall not be disclosed or used for any other purpose, including business,

governmental, commercial, administrative, or judicial proceedings, except as otherwise required by law.

3.	Anyone producing Litigation Material may designate as Confidential any Litigation Material, or portions thereof, which the producing party reasonably believes in good faith to contain non-public or sensitive commercial, financial, or proprietary business information.

4.	One may designate as confidential any documents, or portion or portions thereof, by stamping the word "Confidential" (or a phrase to that effect, such as "Confidential:  Subject to Protective Order") on every such page at or prior to the time of production.

5.	One may designate as Confidential deposition or other testimony by so stating on the record on the day the testimony is given or by sending written notice to counsel for all other parties designating, by page and line, the portion of any transcript or transcripts to be treated as confidential within 20 days of receipt of the applicable transcript or transcripts.

6.	One may designate as Confidential any other Litigation Material not encompassed within the paragraphs above in the same manner as described in paragraph 4 or by sending written notice to counsel for all other parties specifically designating the material to be treated as confidential at or prior to the time that it is produced. In the event a producing party elects to produce large volumes of files and records for inspection and a receiving party desires to inspect such files and records, in order to facilitate prompt discovery, no designations of confidentiality need be made by the producing party in advance of the initial inspection.  For purposes of the initial

inspection, all documents within the produced files and records shall be treated as Confidential. Thereafter, upon selection by a receiving party of specified documents for copying, the producing party shall mark the copies of such documents that contain Confidential information with a legend as described in paragraph 4.

7. In the event that a producing party produces files and records in electronic form, the producing party shall simultaneously provide a schedule of such files and records containing a designation of those that contain Confidential information. In the event that any such files or records are thereafter printed out in hard copy by the receiving party, the receiving party shall affix on each page thereof a label with such designation as is contained on the schedule provided by the producing party.

8. This paragraph shall be applicable to any electronic data produced subject to the terms of this Order. The receiving party shall use such data solely for the purposes of this litigation and shall, upon the termination of this litigation, return the original electronic media (and any copies thereof) to the producing party and shall delete such data from any computer upon which the data may have been loaded. Nothing in the foregoing shall be deemed to preclude the receiving party from making reports, taking screen prints, or creating simulations using such data for the purpose of this litigation, but any such work product shall be deemed to have the same level of confidentiality designation as the data from which it came, and subject to the terms of this Order.

9. The inadvertent failure by a producing party to designate a document or testimony as Confidential shall not constitute a waiver of such producing party's right to

so designate the document or testimony when the error is discovered. Such designation shall be effective when communicated in writing to counsel for the receiving party.

10. All Litigation Material designated or stamped as Confidential ("Confidential Material"), any copies thereof, and the information contained therein, shall not be given, shown, made available to, or communicated in any way to anyone, except those persons listed below, unless ordered by the Court or done with the prior written consent of the producing person's counsel. Persons to whom Confidential Material may be given, shown, made available, or communicated without prior written consent are the following:

(a)  the Court (including clerks and other court personnel);

(b)  the parties and their attorneys, including directors, officers, and in-house counsel of parties, who are assisting them for the purpose of preparing for, conducting, or settling this action;

(c)  court reporters who transcribe depositions or other testimony in this action;

(d)  any employees of the parties who are assisting the parties for the purposes of preparing for, conducting, or settling this action;

(e)  consultants or expert witnesses retained by a party for the purpose of preparing for, conducting, or settling this action, who will utilize any Confidential Material disclosed solely to assist in preparing for, conducting, or settling this action; and

(f)  any deposition or trial witness, but only to the extent that such witness testimony involves the matters governed by, subsumed within, or otherwise affected by information or documents designated as Confidential Material.

11.     Each party also reserves the right, for good cause shown, to seek to include as persons to whom Confidential Material may be given, shown, made available, or communicated to additional individuals to those listed in paragraph 10.  If a party desires to share Confidential information with persons not designated in paragraph 10, written notice must be provided to all other parties, who will have ten (10) days to object to such a desire.  Only if the parties are unable to resolve the opposing party's objection can judicial intervention be sought.

12.     Nothing herein shall restrict the persons identified in paragraph 10 from making working copies for use in their offices or for use during examination of witnesses, which working copies shall be deemed Confidential Material if the document from which it was made is Confidential Material under the terms of this Order.

13.     Any person identified in paragraphs 10(d) to 10(f) above who is given access to Confidential Material shall, prior thereto, be given a copy of this Order and shall acknowledge receipt thereof, and consent to be bound thereby and subject to sanctions of this Court, by signing a written statement substantially in the form of Exhibit A, attached hereto. Each party shall maintain a copy of any such signed exhibits; however, no party shall be required to produce those exhibits to any other party unless ordered to do so by the Court.

14.     If Confidential Material is sought to be used or introduced at a hearing or trial of this action, counsel for the party seeking to use or introduce such Material shall so advise the Court and request that the Court take such steps as it deems appropriate to protect the confidentiality of the Confidential Material.

15.     Nothing in this Order shall prevent any party from disclosing its own Confidential Material and any such disclosure shall not be deemed a wavier of any other party's rights or obligations under this Order.

16.     The production or disclosure of Confidential Material shall in no way constitute a waiver of the producing party's right to object to the production or disclosure of any other information or documents in this action.  The parties hereto expressly reserve the right to seek any appropriate order modifying this Order or imposing additional restrictions on discovery in this action, including an order that production not be had.  Nothing herein shall be read as to waive any privilege or exemption from production that any party may assert independent of this Order.

17.     If any document is inadvertently produced that is subject to a claim of privilege or of protection as attorney work-product and the producing party notifies the non-producing party of the claim and the basis for it, then:  (a) such disclosure shall be without prejudice to any claim of privilege or protection; (b) the non-producing parties shall not argue that such production constitutes waiver of any claim of privilege or protection; (c) the non-producing parties shall promptly return or destroy the documents in question and any copies.  If any of the non-producing parties in good faith dispute the claim of privilege or protection, the non-producing parties may maintain one copy of the disputed material, provided it promptly presents the information to the Court under seal for a determination of the claim.  If the non-producing parties disclosed the information before being notified, it must take reasonable steps to retrieve it.  The producing party must preserve the information until the claim is resolved.

18.     Any party that objects to another party's designation of information or documents as Confidential Material shall first state its objection in writing to the producing party.  The parties agree to confer in good faith to resolve any dispute arising under this Order.  If the parties are unable to resolve such dispute, any party may move the Court to do so upon notice in writing to counsel for all other parties to this action and upon such other notice as is provided by law or rule.

19.     In the event any person or entity having possession, custody, or control of any Confidential Material that is the subject of a subpoena or demand for the production of such Confidential Material, that person or entity shall make all reasonable efforts to notify counsel for the producing party of such a subpoena or demand so as to permit counsel time to seek an appropriate order modifying or quashing the subpoena or demand.

20.     This Order shall bind the parties and shall continue to be binding on the parties throughout and after the conclusion of this action, including any appeals or retrials.  This Court shall retain jurisdiction of this action for the purpose of enabling any party, person, or other entity to apply for any order or relief as may be deemed necessary or appropriate to enforce this Order.  Within sixty days after the final disposition of this litigation, the producing party shall instruct the receiving party whether materials containing Confidential information should be returned or destroyed. Said instructions shall be complied with within thirty days.

21.     The "return or destroy" requirements shall also apply to documents containing Confidential information in the possession of qualified persons.

22. Notwithstanding the foregoing, each party's counsel may retain in his or her file one copy of all discovery requests and responses, and all documents filed with the Court in connection with this action, even if such documents contain Confidential information.

23. Nothing in this Order shall prevent a Producing Party from seeking further, greater, or lesser protection with respect to the use of any Confidential information.

24. Nothing in this Order shall be construed to affect in any way the admissibility of any Document, testimony, or other evidence at a trial of this action. Nothing in this Order shall preclude any party from seeking an Order of the Court governing the protection and handling of Confidential information at trial.

25. The parties shall be entitled to rely upon and shall be bound by this Order when it has been signed by the parties and their counsel, whether or not this Order has been signed by the Court.

26. Any producing party shall be entitled to all remedies existing under law and equity in the event of any unauthorized disclosure of Confidential information, or any other breach of this Order, by either a receiving party or any person to whom a receiving party has disclosed Confidential information in violation of the Order.

May 7, 2019                                    *s/Thomas M. Rose

                                               _____
                                               UNITED STATES DISTRICT JUDGE

Approved:                                              Approved:


s/ Justin M. Croniser (per email auth 5/6/19)          s/ Timothy G. Pepper
Royce R. Remington (0040408)                           Timothy G. Pepper (0071076)
   Trial Attorney                                          Trial Attorney
Justin M. Croniser (0079462)                           Christopher S. Houston (0087990)
A.J. Hensel (0085340)                                  TAFT STETTINIUS & HOLLISTER LLP
200 Public Square, Suite 2800                          40 N. Main St., Suite 1700
Cleveland, Ohio 44114                                  Dayton, Ohio  45423
Phone: 216-621-0150                                    Phone: 937-228-2838
Fax: 216-241-2824                                      Fax: 937-228-2816
rrr@hahnlaw.com                                        pepper@taftlaw.com
jcroniser@hahnlaw.com                                  chouston@taftlaw.com
ajhensel@hahnlaw.com

                                                       Counsel for Defendant

Counsel for Plaintiff

**EXHIBIT A**

      I acknowledge my understanding that Confidential Material, as defined in the Confidentiality and Protective Order entered in <u>Newborn Audiology Screenings, P.C., v. Kettering Adventist Healthcare</u>, United States District Court for the Southern District of Ohio, Case No. 3:19-cv-00100, is being provided to me pursuant to the terms and restrictions of that Order. My signature below constitutes an acknowledgement that I have read the Order and consent to be bound by it, and subject to sanctions of this Court. I also understand and agree that I am subject to penalty for contempt of court for any violation of the terms of that Order.


Dated: _____      Signature: _____

                                               Printed Name: _____