UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| NEWBORN AUDIOLOGY SCREEINGS, P.C., | : : : | Case No. 3:19-cv-00100 |
| Plaintiff, | : : : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| vs. | : : | |
| KETTERING ADVENTIST HEALTHCARE,<br>*doing business as*<br>Kettering Health Network, | : : : : : | |
| Defendant. | : | |

## DECISION AND ENTRY

This case is before the Court, following an informal telephone discovery conference, for *in camera* review of certain documents that Defendant contends are shielded from discovery by the attorney-client privilege.

Rule 26(b) (1) of the Federal Rules of Civil Procedure permits discovery of "any nonprivileged matter that is relevant to a party's claim or defense...." In general, the attorney-client privilege precludes revelation of "legal advice ... sought from a professional legal adviser in his capacity as such ... and communications relating to that purpose...." *Reed v. Baxter,* 134 F.3d 351, 355 (6th Cir. 1998).

"'The purpose of attorney-client privilege is to ensure free and open communications between a client and his attorney.'" *Automated Solutions Corp. v.*

*Paragon Data Systems, Inc.*, 756 F.3d 504, 517 (6th Cir. 2014) (citation omitted); *see Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981). "It 'exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice.'" *Nilavar v. Mercy Health Sys.-W. Ohio,* 3:99cv00612, 2004 WL 5345311 at *2 (S.D. Ohio Mar.22, 2004) (Rice, D.J.) (quoting, in part, *Upjohn Co. v. United States,* 449 U.S. 383, 390 (1981)).

Yet, "the attorney-client privilege is 'narrowly construed because it reduces the amount of information discoverable during the course of a lawsuit.'" *Ross v. City of Memphis,* 423 F.3d 596, 600 (6th Cir. 2005) (citation omitted).

In the present case, *in camera* review reveals that Exhibits A, B, and C contain communications related to legal advice sought by Defendant from its attorneys. The attorney-client privilege therefore shields these Exhibits from disclosure to Plaintiff. *See Nilavar,* 3:99cv00612, 2004 WL 5345311 at *2 (quoting *Upjohn*, 449 U.S. at 389, attorney-client privileges protects "'the giving of information to the lawyer to enable him to give sound and informed advice.'").

Although Defendant has produced the remaining Exhibits to Plaintiff, it has redacted the Bates-stamped numbers from each page. Requiring Defendant to provide the Bates-stamp numbers would tie these Exhibits to information in other documents protected by the attorney-client privilege. Defendant, therefore, need not disclose the Bates-stamped numbers of the remaining Exhibits that were submitted for *in camera* review.

Plaintiff cites two cases for the rule that "'[a]ttachments which do not, by their

2

content, fall within the realm of the [attorney-client] privilege cannot become privileged by merely attaching them to a communication with an attorney.'" *Kleen Products LLC v. International Paper*, No. 10 C 5711, 2014 WL 6475558, at *2 (N.D. Ill., 2014) (brackets in *Kleen Products*; citation omitted); *see Muro v. Target Corp.*, No. 04 C 6267, 2006 WL 3422181, at *5 (N.D. Ill. 2006) ("The attachments, like the primary document, need to meet the privilege standard to be withheld from discovery."). Although these two cases are not controlling authority in this Court, applying the rule they espouse does not expose Defendant's privileged communications to discovery. Exhibits A, B, and C fall within the realm of the attorney-client privilege as do the Bates-stamped numbers on the remaining Exhibits that were submitted for *in camera* review.

February 27, 2020                                           *s/Sharon L. Ovington*
                                                                                           Sharon L. Ovington
                                                                                           United States Magistrate Judge