UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| NEWBORN AUDIOLOGY SCREENINGS, P.C. | : | Case No. 3:19-cv-00100-TMR-SLO |
| | : | |
| Plaintiff, | : | (Judge Thomas M. Rose) |
| | : | (Magistrate Judge Sharon L. Ovington) |
| v. | : | |
| | : | |
| KETTERING ADVENTIST HEALTHCARE d/b/a Kettering Health Network | : | **AMENDED STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |
| | : | |
| Defendant. | : | |

WHEREAS, the Court recognizes the legitimate interests of the parties in the above-captioned action in the confidentiality and security of business, personnel, and proprietary documents and information, and pursuant to the parties' stipulation to the same:

IT IS HEREBY ORDERED as follows:

1.　　This Amended Stipulated Confidentiality and Protective Order ("Order") governs all documents and information produced in this action by Plaintiff, Newborn Audiology Screenings, P.C. ("Plaintiff"), and Defendant, Kettering Adventist Healthcare ("Defendant"); all copies of or information contained in any such documents; and all other information provided by Plaintiff and Defendant, including but not limited to deposition, hearing, and trial testimony ("Litigation Material").

2.　　Litigation Material shall be used solely for the purpose of preparing for or conducting the trial of this action (including appeals or retrials), or settling this action, and shall not be disclosed or used for any other purpose, including business,

governmental, commercial, administrative, or judicial proceedings, except as otherwise required by law.

3.      Any person producing Litigation Material may designate as "Confidential" or "Attorney's Eyes Only" any Litigation Material, or portions thereof, which the producing party reasonably believes in good faith to be consistent with the following definitions. "Confidential" shall be utilized for Litigation Material containing non-public, sensitive commercial, financial, or proprietary business information or personal information. "Attorney's Eyes Only" shall be limited to Litigation Material containing trade secrets, non-public proprietary information, such as pricing, source, or object coding; or other highly-sensitive commercial information, which, if revealed to the receiving party, could be seriously damaging to the producing entity or could put the producing entity at a competitive disadvantage.

4.      With respect to hard copy information, one may designate as Confidential or Attorney's Eyes Only any documents, or portion or portions thereof, by stamping the word "Confidential" or "Attorney's Eyes Only" on every such page at, or prior to, the time of production. In the alternative, information may also be designated as confidential by sending written notice to counsel for all other parties specifically designating the material that is to be treated as confidential at, or prior to, the time the material is produced.

5.      To the extent that ESI is produced, whether in native format, i.e., the software format in which the document or information was originally created and stored on the producing entity's storage media or produced in image file format, e.g., portable data file ("PDF") or tagged image file format ("TIFF"), one may designate as Confidential or Attorney's Eyes Only any native ESI by segregating such files or images on a

2

separate disk, with each file or image on the disk having a unique name or number identifier, and labeling the entire disk with the word "Confidential" or "Attorney's Eyes Only" at or prior to the time of production. In the alternative, such information may be designated as Confidential or Attorney's Eyes Only by sending written notice to counsel for all other parties specifically designating the material that is to be treated as confidential at or prior to the time the material is produced.

6.      One may designate as Confidential or Attorney's Eyes Only any deposition or other testimony by so stating on the record on the day the testimony is given or by sending written notice to counsel for all other parties designating, by page and line, the portion of any transcript or transcripts to be treated as Confidential or Attorney's Eyes Only, within 20 days of receipt of the applicable transcript or transcripts.

7.      One may designate as Confidential or Attorney's Eyes Only any other Litigation Material not encompassed within the paragraphs above and in the same manner as described in paragraphs 3 through 6 or by sending written notice to counsel for all other parties specifically designating the material that is to be treated as confidential, at or prior to the time the material is produced.

8.      In the event a producing party elects to produce large volumes of files and records for inspection and a receiving party desires to inspect such files and records, in order to facilitate prompt discovery, no designations of confidentiality need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all documents within the produced files and records shall be treated as Confidential. Thereafter, upon selection by a receiving party of specified documents for copying, the producing party shall mark the copies of such documents that contain

3

Confidential or Attorney's Eyes Only information with a legend as described in paragraph 4.

9.     In the event that a producing party produces files and records in electronic form, the producing party shall simultaneously provide a schedule of such files and records containing a designation of those that contain Confidential or Attorney's Eyes Only information. In the event that any such files or records are thereafter printed out in hard copy by the receiving party, the receiving party shall affix on each page thereof a label with such designation as is contained on the schedule provided by the producing party.

10.     This paragraph shall be applicable to any electronic data produced subject to the terms of this Order.  The receiving party shall use such data solely for the purposes of this litigation and shall, upon the termination of this litigation, return the original electronic media (and any copies thereof) to the producing party and shall delete such data from any computer upon which the data may have been loaded. Nothing in the foregoing shall be deemed to preclude the receiving party from making reports, taking screen prints, or creating simulations using such data for the purpose of this litigation, but any such work product shall be deemed to have the same level of confidentiality designation as the data from which it came, and subject to the terms of this Order.

11.     The inadvertent failure by a producing party to designate a document or testimony as Confidential or Attorney's Eyes Only shall not constitute a waiver of such producing party's right to so designate the document or testimony when the error is discovered. Such designation shall be effective when communicated in writing to counsel for the receiving party. In the event that a post-production designation of

Confidential or Attorney's Eyes Only is made, counsel of record for the receiving party shall immediately make every effort reasonable, to identify and isolate the newly designated documents, and as needed, recall the distribution of those newly designated documents, and terminate further access to the same except by those authorized, as applicable, in paragraphs 12 and 13 of this Order.

12.     All Litigation Material designated or stamped as Confidential, any copies thereof, and the information contained therein, shall not be given, shown, made available, or communicated in any way, to anyone, except those persons listed below, unless ordered by the Court or done with the prior written consent of the producing party's counsel. All Confidential material shall be maintained in confidence by counsel of record for the party to whom such Litigation Material is produced or given and shall not be disclosed to any other person in this or any subsequent litigation except:

a)     the Court (including clerks and other court personnel);

b)     the parties and their attorneys, including directors, officers, and in-house counsel of parties, who are assisting them for the purpose of preparing for, conducting, or settling this action;

c)     court reporters who transcribe depositions or other testimony in this action;

d)     any employees of the parties who are assisting the parties for the purposes of preparing for, conducting, or settling this action;

e)     consultants or expert witnesses retained by a party for the purpose of preparing for, conducting, or settling this action, who will utilize any Confidential Material disclosed solely to assist in preparing for, conducting, or settling this action; and

5

f)　　any deposition or trial witness, but only to the extent that such witness testimony involves the matters governed by, subsumed within, or otherwise affected by information or documents designated as Confidential Material.

13.　All Litigation Material designated or stamped as Attorney's Eyes Only shall be maintained in confidence by counsel of record for each receiving party and shall only be disclosed to the following persons:

a)　　the attorneys representing the parties in this action (Hahn Loeser & Parks, LLP and Taft Stettinius & Hollister LLP) and their paralegals, clerical, and secretarial staff;

b)　　independent expert witnesses, law firms, and attorneys who represent a Party (including but not limited to Flaster Greenberg, P.C.) and their paralegals, clerical, and secretarial staff, who are not presently employees, officers, shareholders, directors, partners, limited partners, or similarly affiliated with a Party in this action; provided, however, that this provision shall not prohibit any party from seeking an Order from the Court preventing anyone authorized under paragraph 13(b) access to "Attorney's Eyes Only" information and documentation for good cause shown;

c)　　court reporters; and

d)　　the Court and its support personnel, pursuant to the provisions set forth herein or as otherwise ordered by the Court.

14.　If the producing entity agrees in writing, the parties may include additional persons or categories of persons, beyond those listed in paragraphs 12 and 13, to

6

whom Litigation Material designated as either Confidential or Attorney's Eyes Only may be given, shown, made available, or communicated. Absent the agreement of the producing entity, each party reserves the right to move the Court for good cause shown to seek to include additional persons or categories of persons, beyond those listed in paragraphs 12 and 13, to whom Litigation Material designated as either Confidential or Attorney's Eyes Only may be given, shown, made available, or communicated.

15. Nothing herein shall restrict the persons identified in paragraphs 12 or 13 from making working copies for use in their offices or for use during examination of witnesses. Such working copies shall be automatically designated as either Confidential or Attorney's Eyes Only to match the designation of the document from which it was made.

16. Any person identified in paragraphs 12(d), (e), and (f), or 13(b) above, who is given access to Litigation Material designated either as Confidential or Attorney's Eyes Only shall, prior thereto, be given a copy of this Order and shall acknowledge receipt thereof, and consent to be bound thereby and subject to sanctions of this Court, by signing a written statement substantially in the form of Exhibit A, attached hereto. Each party shall maintain a copy of any such signed exhibits; however, no party shall be required to produce those exhibits to any other party unless ordered to do so by the Court.

17. No Confidential or Attorney's Eyes Only Litigation Material shall be filed with the Court unless leave is granted to file it under seal, pursuant to Local Rule 5.2.1.

18. If Litigation Material designated as Confidential or Attorney's Eyes Only is sought to be used or introduced at a hearing or trial of this action, counsel for the party seeking to use or introduce such Litigation Material shall so advise the Court and

7

request that the Court take such steps as it deems appropriate to protect the confidentiality of the Litigation Material.

19.     Nothing in this Order shall prevent any party from disclosing its own Litigation Material, and any such disclosure shall not be deemed a waiver of any other party's rights or obligations under this Order.

20.     To the extent that a party produced documents in redacted format prior to the date of entry of this amended Order, the receiving party may continue to use the redacted versions of those documents subject to any confidentiality designations that the producing party may have marked on those documents at the time of production. If a producing party subsequently removes the redactions and produces the documents with the Attorney's Eyes Only designation, the Attorney's Eyes Only designation will only apply to the previously-redacted information contained in those documents.

21.     Nothing herein shall restrict a receiving party's counsel from providing to his/her client a general description of any documents that the producing party marks as Attorney's Eyes Only. In such cases, the receiving party's counsel may advise his/her client as to the names or titles of the documents marked as Attorney's Eyes Only, as well as the number of pages of each document and a general description of the contents of any such documents. The receiving party's attorney is expressly prohibited from providing his/her client with any specific provisions in any documents marked as Attorney's Eyes Only, including but not limited to any dollar amounts listed in these documents. But the receiving party's attorney may provide his/her client with a broad description of any comparison of fees between documents that are marked Attorney's Eyes Only (for example, the receiving party may advise his/her client that the amount of certain fees increased over time).

22.     The production or disclosure of Litigation Material marked as Confidential or Attorney's Eyes Only shall in no way constitute a waiver of the producing party's right to object to the production or disclosure of any other information or documents in this action. The inadvertent production of any "Confidential" or "Attorney's Eyes Only" Litigation Material during discovery in this action without the "Confidential" or "Attorney's Eyes Only" designation shall be without prejudice to any subsequent claim that such material is "Confidential" or "Attorney's Eyes Only."  The parties hereto expressly reserve the right to seek any appropriate order modifying this Order or imposing additional restrictions on discovery in this action, including an order that production not be had.  Nothing herein shall be read as to waive any privilege or exemption from production that any party may assert independent of this Order.

23.     If any document is inadvertently produced that is subject to a claim of privilege or of protection as attorney work-product and the producing party notifies the non-producing party of the claim and the basis for it, then:  (a) such disclosure shall be without prejudice to any claim of privilege or protection; (b) the non-producing parties shall not argue that such production constitutes waiver of any claim of privilege or protection; and (c) the non-producing parties shall promptly return or destroy the documents in question and any copies.  If any of the non-producing parties in good faith dispute the claim of privilege or protection, the non-producing parties may maintain one copy of the disputed material, provided it promptly presents the information to the Court under seal for a determination of the claim.  If the non-producing parties disclosed the information before being notified, it must take reasonable steps to retrieve it.  The producing party must preserve the information until the claim is resolved.

24.     Any party that objects to another party's designation of Litigation Material as Confidential or Attorney's Eyes Only shall first state its objection in writing to the producing party.  The parties agree to confer in good faith to resolve any dispute arising under this Order.  If the parties are unable to resolve such dispute, any party may move the Court to do so upon notice in writing to counsel for all other parties to this action and upon such other notice as is provided by law or rule.

25.     In the event any receiving party has possession, custody, or control of any Litigation Material designated as Confidential or Attorney's Eyes Only that becomes the subject of a subpoena or a demand for the production of such Litigation Material in another matter, that receiving party shall make all reasonable efforts to notify counsel for the producing entity of such a subpoena or demand, so as to permit counsel time to seek an appropriate order modifying or quashing the subpoena or demand.

26.     This Order shall bind the parties and shall continue to be binding on the parties throughout and after the conclusion of this action, including any appeals or retrials.  This Court shall retain jurisdiction of this action for the purpose of enabling any party, person, or other entity to apply for any order or relief as may be deemed necessary or appropriate to enforce this Order.  Within sixty days after the final disposition of this litigation, the producing party shall instruct the receiving party whether materials containing Confidential or Attorney's Eyes Only information should be returned or destroyed. Said instructions shall be complied with within thirty days.

27.     The "return or destroy" requirements shall also apply to documents containing Confidential or Attorney's Eyes Only information in the possession of qualified persons.

10

28.     Notwithstanding the foregoing, each party's counsel may retain in his or her file one copy of all discovery requests and responses, and all documents filed with the Court in connection with this action, even if such documents contain Confidential information, except that all documents containing protected health information ("PHI"), as that term is defined in 45 CFR § 160.103, shall be returned to the producing party or destroyed as required by 45 CFR § 164.512(e)(1)(v)(B). The party producing documents containing PHI will instruct the receiving party as to its preference (return or destruction) within sixty days after the final disposition of this litigation, and said instructions shall be complied with within thirty days of that notice. The "return or destroy" requirements of this paragraph shall also apply to documents containing PHI in the possession of qualified persons.

29.     Nothing in this Order shall prevent a producing party from seeking further, greater, or lesser protection with respect to the use of any Confidential or Attorney's Eyes Only Litigation Material, subject to the limitations noted in paragraphs 20-21 of this Order

30.     Nothing in this Order shall be construed to affect in any way the admissibility of any Document, testimony, or other evidence at a trial of this action; and nothing in this Order shall preclude any party from seeking an Order of the Court governing the protection and handling of Confidential or Attorney's Eyes Only information at trial.

31.     The parties shall be entitled to rely upon and shall be bound by this Order when it has been signed by the parties' counsel, whether or not this Order has been signed by the Court.

11

32.    Any producing party shall be entitled to all remedies existing under law and equity in the event of any unauthorized disclosure of Confidential or Attorney's Eyes Only information, or any other breach of this Order, by either a receiving party or any person to whom a receiving party has disclosed Confidential or Attorney's Eyes Only information in violation of the Order.

SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

Approved:                                          Approved:

 s/ Justin M. Croniser (via email authority          s/ Timothy G. Pepper
on March 12, 2020)                                Timothy G. Pepper (0071076)
Royce R. Remington (0040408)                         Trial Attorney
   Trial Attorney                                 Christopher S. Houston (0087990)
Justin M. Croniser (0079462)                      Zachary S. Arnold (0096819)
A.J. Hensel (0085340)                             TAFT STETTINIUS & HOLLISTER LLP
HAHN LOESER & PARKS LLP                           40 N. Main St., Suite 1700
200 Public Square, Suite 2800                     Dayton, Ohio 45423
Cleveland, Ohio 44114                             Phone: 937-228-2838
Phone: 216-621-0150                               Fax: 937-228-2816
Fax: 216-241-2824                                 pepper@taftlaw.com
rrr@hahnlaw.com                                   chouston@taftlaw.com
jcroniser@hahnlaw.com                             zarnold@taftlaw.com
ajhensel@hahnlaw.com

                                                  Counsel for Defendant

Counsel for Plaintiff

12

**EXHIBIT A**

I acknowledge my understanding that Confidential material and Attorney's Eyes Only material, as defined in the Amended Stipulated Confidentiality and Protective Order entered in <u>Newborn Audiology Screenings, P.C., v. Kettering Adventist Healthcare</u>, United States District Court for the Southern District of Ohio, Case No. 3:19-cv-00100, is being provided to me pursuant to the terms and restrictions of that Order.  My signature below constitutes an acknowledgement that I have read the Order and consent to be bound by it, and subject to sanctions of this Court.  I also understand and agree that I am subject to penalty for contempt of court for any violation of the terms of that Order.


Dated: _____        Signature: _____

                                     Printed Name: _____

13