UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

NEWBORN AUDIOLOGY
SCREENINGS, P.C.,

    Plaintiff,                                        Case No. 3:19-cv-100

vs.

KETTERING ADVENTIST HEALTHCARE,     District Judge Michael J. Newman

    Defendant.
_____

**ORDER AND ENTRY: (1) CONDITIONALLY GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE UNDER SEAL (DOC. 32); AND (2) ORDERING DEFENDANT TO FILE A MORE DETAILED MOTION ON OR BEFORE DECEMBER 14, 2020**
_____

        This civil case is before the Court on Defendant's motion for leave to file a motion for summary judgment and supporting materials under seal. Doc. 32. Notably, the motion for summary judgment deadline in this case is today, November 30, 2020. *See* doc. 28.

        As stated by the Sixth Circuit, there is a "'stark difference' between court [protective] orders entered to preserve the secrecy of proprietary information while the parties trade discovery, and the sealing of the court's docket and filings[.]" *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593–94 (6th Cir. 2016). While "[s]ecrecy is acceptable at the discovery stage[,]" *Wausau Underwriters Ins. Co. v. Reliable Transp. Specialists, Inc.*, No. 15-12954, 2016 WL 6134480, at *2 (E.D. Mich. Oct. 21, 2016), "very different considerations apply" when parties seek to file "material in the court record." *Rudd Equip.*, 834 F.3d at 593 (citing *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016)). When parties seek to file material as part of the court's record, "[t]he public's focus is not only on the litigation's result, but 'also on the conduct giving rise to the case[.]'" *Id*. As a result, "the public is entitled to assess for itself the merits of judicial decisions." *Id*. (quoting *Shane Grp.*, 825 F.3d at 305).

Thus, a party maintaining that records should be sealed from public view bears a heavy burden of setting forth specific reasons why the interests in "nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Shane Grp.*, 825 F.3d at 306 (2016); *see also Rudd Equip*, 834 F.3d at 593-94.  In this regard, "[t]he proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane Grp.*, 825 F.3d at 305-06 (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)).  Such burden applies even where a protective order has been entered by the Court and where no "party objects to the motion to seal." *See id.* (stating that "[a] court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody").

Here, Defendant's motion is devoid of the analysis, reasons, and citation to authority required by the Sixth Circuit in *Shane Group*.  Therefore, Defendant has, at this point, failed to meet the heavy burden required under Sixth Circuit authority to file information under seal.[1]  However, because the deadline for summary judgment motions is today, the undersigned, **CONDITIONALLY GRANTS** Defendant's motion (doc. 32).  Such seal will be lifted in the absence of a more detailed motion -- to be filed on or before **December 14, 2020** -- meeting the standards and requirements set forth by the Sixth Circuit in *Shane Grp.*, *supra*.

**IT IS SO ORDERED.**

Date:   November 30, 2020              s/ Michael J. Newman
                                       Michael J. Newman
                                       United States District Judge

---

[1] As noted above, Defendant seeks to file an entire motion for summary judgment, along with all supporting material, including entire deposition transcripts, under seal.  It is very unlikely that an entire motion, as well as every line of a deposition transcript, contains information that can appropriately be sealed under applicable legal authority.  In filing a more detailed motion justifying the sealing of information, Defendant must ensure that its request is narrowly tailored.  *See Shane Grp.*, 825 F.3d at 305-06 (stating that "even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason").