UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

NEWBORN AUDIOLOGY SCREENINGS,
P.C.,

    Plaintiff,

vs.

KETTERING ADVENTIST HEALTHCARE,
d/b/a KETTERING HEALTH NETWORK

    Defendant.

Case No. 3:19-cv-100

District Judge Michael J. Newman

**ORDER (1) DENYING THE PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT (DOC. NOS. 33, 35) AND (2) CONFIRMING THE FINAL PRETRIAL CONFERENCE AND TRIAL DATES**

    This civil case is before the Court on the parties' cross motions for summary judgment (doc. nos. 33, 35) and an abundance of related filings. Both parties filed opposition and reply memoranda in response to and in support of their respective motions. Doc. Nos. 42, 48, 52, 55. The Court granted Plaintiff's motion leave to file a sur-reply memorandum in opposition to Defendant's motion for summary judgment. Doc. No. 59. Plaintiff filed separate objections to evidence cited in Defendant's motion for and reply in support of summary judgment (doc. nos. 45, 58) and in Defendant's opposition to Plaintiff's motion for summary judgment (doc. no. 54). Defendant filed opposition memoranda in response to Plaintiff's evidentiary objections. Doc. Nos. 61, 67. Plaintiff then filed a reply memorandum in support of its evidentiary objections (doc. no. 63), and the Court granted Defendant leave to file a sur-reply memorandum in response to Plaintiff's and in support of its own motion for summary judgment (doc. no. 69). Plaintiff also filed objections to evidence cited in Defendant's sur-reply in opposition to Plaintiff's motion for

summary judgment to which Defendant responded. Doc. Nos. 71, 73. The Court has considered the foregoing, and the parties' motions are now ripe for review.

## I.

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "Summary judgment is only appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Keweenaw Bay Indian Cmty. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007) (quoting Fed. R. Civ. P. 56(c)). "Weighing of the evidence or making credibility determinations are prohibited at summary judgment -- rather, all facts must be viewed in the light most favorable to the non-moving party." *Id*. Once "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading[.]" *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010) (citation omitted). Instead, the party opposing summary judgment has a shifting burden and "must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial." *Id*. (citation omitted).

## II.

The parties request summary judgment on Plaintiff's claims for (1) breach of contract; (2) unjust enrichment; (3) declaratory judgment; and (4) accounting. Doc. Nos. 1, 33, 35. Upon review of the record and the parties' briefing, the Court finds that several genuine disputes of

material fact[1] preclude summary judgment for either party.  *See, e.g.*, *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 475–76 (6th Cir. 2010).  The facts are such that a jury could reasonably find for either party.  *See, e.g.*, *Marshall v. The Rawlings Co. LLC*, 854 F.3d 368, 381 (6th Cir. 2017).  Therefore, the Court **DENIES** the parties' cross-motions for summary judgment.  The May 27, 2021 final pretrial conference and June 28, 2021 jury trial are **BOTH CONFIRMED**.  Doc. No. 28.

    **IT IS SO ORDERED.**

Date:   April 5, 2021                           s/Michael J. Newman
                                                        Hon. Michael J. Newman
                                                        United States District Judge

---

[1] *See, e.g.*, Doc. No. 37-5 at PageID 421, 424; Doc. No. 37-15 at PageID 521; Doc. No. 37-16 at PageID 538–44; Doc. No. 46-6 at PageID 2717; Doc. No. 51-1 at PageID 2891–92.